FILED

Nov 14 2018, 5:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANTS | ATTORNEYS FOR APPELLEE |
|---|---|
| John K. McDavid | Eric D. Somheil |
| Hostetter & Associates | Katherine S. Brown |
| Brownsburg, Indiana | Brown & Somheil |
| | Brazil, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

John DeWeese, Sr. and John DeWeese, Jr., Individually and d/b/a John & John Associates, Inc.,

*Appellants/Cross-Appellees-Defendants/Counter-Plaintiffs,*

v.

Karen J. Pribyla,

*Appellee/Cross-Appellant-Plaintiff/Counter-Defendant.*

November 14, 2018

Court of Appeals Case No. 18A-PL-1505

Appeal from the Clay Circuit Court

The Honorable Joseph D. Trout, Judge

Trial Court Cause No. 11C01-1410-PL-620

**Najam, Judge.**

# Statement of the Case

[1] John & John Associates, Inc. ("John & John"), a real property improvement supplier under Indiana Code Section 24-5-11-6 (2018),[1] agreed to improve the residential property of Karen J. Pribyla, a senior consumer under Indiana Code Section 24-5-0.5-2(a)(9). However, John & John never provided Pribyla with a written real property improvement contract, which failure was contrary to Indiana Code Sections 24-5-11-10, -11, and -12. As a matter of law, John & John's failure to provide Pribyla with a written contract in conformity with Sections 24-5-11-10, -11, and -12 was a deceptive act, *see* I.C. § 24-5-11-14, subject to the remedies and penalties of Indiana's Deceptive Consumer Sales Act, I.C. §§ 24-5-0.5-0.1 to -12 ("the DCSA"). And the DCSA authorizes the award of treble damages for uncured deceptive acts against senior consumers. I.C. § 24-5-0.5-4(i). For those and other reasons, the trial court entered an award of treble damages for Pribyla based on John & John's uncured deceptive acts.

[2] John & John raises several issues on appeal, but we need only address the following dispositive issue:

> 1. Whether the trial court erred when it ordered John & John to pay treble damages under the DCSA for John & John's failure to provide a senior consumer with a written

---

[1] Although technical changes have been made to all of the relevant statutes between November of 2013 and this appeal, there is no dispute that those technical changes are irrelevant to our consideration of the merits of this appeal.

contract in conformity with Indiana Code Sections 24-5-
11-10, -11, and -12.

On cross-appeal,[2] Pribyla raises the following issue[3] for our review:

2.  Whether the trial court erred when it concluded that John
    DeWeese, Sr. ("DeWeese, Sr.") and John DeWeese, Jr.
    ("DeWeese, Jr."), the only shareholders of John & John,
    were not personally liable to Pribyla.

[3]  We affirm.

## Facts and Procedural History

[4]  In November of 2013, Pribyla, who was sixty-nine years old at the time, hired John & John to remodel the kitchen at her residence in Brazil. John & John never provided Pribyla with a written contract for the work to be done. Pribyla later directed John & John to do additional work around her home, for which, again, John & John did not provide a written contract.

[5]  Pribyla believed that the home improvement work would be done by the end of 2013 and paid invoices as John & John sent them to her. However, in January of 2014, Pribyla approached John & John about the rising costs of the still-

---

[2]  Pribyla has not denominated her assertions of trial court error as cross-appeals under Indiana Appellate Rule 46(D). But John & John does not suggest that Pribyla's failure to strictly comply with our Appellate Rules prohibits our recognition or consideration of the merits of her cross-appeal, and, indeed, John & John has responded to Pribyla's cross-appeal arguments in its Reply Brief. *See* Ind. Appellate Rule 46(D)(3); *cf. N.R. v. K.G. (In re Adoption of O.R.)*, 16 N.E.3d 965, 970-72 (Ind. 2012).

[3]  In her brief on appeal, Pribyla also requests that we order John & John to pay her appellate attorneys' fees. We decline her request.

uncompleted work, and John & John, for the first time, gave Pribyla a written estimate for the work. The estimate was hand-written and stated that more than $38,000 would be required to complete the remainder of the work. Pribyla and John & John reached an impasse shortly thereafter, and, in May, Pribyla asked John & John to finish the work within thirty days and within 5% of the January estimate. Instead, John & John filed for a mechanic's lien.

[6] In September, Pribyla, through counsel, informed John & John that it had engaged in numerous deceptive acts under Indiana law and requested John & John to cure those acts. John & John declined to accept Pribyla's certified letter and did not take any steps to cure the alleged deceptive acts. Pribyla thereafter filed a complaint against John & John as well as against DeWeese, Sr. and DeWeese, Jr., the only two shareholders of John & John.

[7] On September 1, 2016, and March 17, 2017, the court held a bench trial on Pribyla's complaint. In February of 2018, the court entered judgment for Pribyla on her claim against John & John but found against her on her claim that DeWeese, Sr. and DeWeese, Jr. were personally liable. The court supported its judgment with extensive findings of fact and conclusions thereon. In particular, aside from finding that DeWeese, Sr. and DeWeese, Jr. were shielded from personal liability, the court also found that John & John had engaged in numerous deceptive acts under the DCSA, which acts the court also found to demonstrate home improvement fraud under Indiana Code Chapter

35-43-6.  The court then ordered John & John to pay Pribyla treble damages under the DCSA "and/or" the home improvement fraud statutes.[4]  Appellant's App. Vol. II at 22.  The court's judgment for Pribyla and against John & John totaled $56,647.73.  This appeal ensued.

## Discussion and Decision

### *Standard of Review*

[8]  The parties appeal the trial court's findings of fact and conclusions thereon, which the court entered following a bench trial.  As our Supreme Court has made clear, in such cases

> [w]e may not set aside the findings or judgment unless they are clearly erroneous.  In our review, we first consider whether the evidence supports the factual findings.  Second, we consider whether the findings support the judgment.  Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference.  A judgment is clearly erroneous if it relies on an incorrect legal standard.  We give due regard to the trial court's ability to assess the credibility of witnesses.  While we defer substantially to findings of fact, we do not defer to conclusions of law.  We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment.

*State v. Int'l Bus. Machs. Corp.*, 51 N.E.3d 150, 158 (Ind. 2016) (citations and quotation marks omitted).

---

[4]  As we affirm the trial court's award of treble damages under the DCSA, we need not consider the court's alternative basis for treble damages under the home improvement fraud statutes.

### *Issue One: Award of Treble Damages*

[9] On appeal, John & John first asserts that the trial court's award of treble damages under the DCSA is clearly erroneous. In particular, John & John asserts that the evidence does not show that it possessed the requisite intent to defraud necessary to prove an "incurable" deceptive act, and, thus, its "mere violation" of the DCSA does not support an award of treble damages. Appellant's Br. at 15. Under the DCSA, an "[i]ncurable deceptive act" requires an "intent to defraud or mislead." I.C. § 24-5-0.5-2(a)(8).

[10] However, the trial court did not support its judgment on treble damages under the DCSA on the basis that John & John had engaged in an "incurable" deceptive act. Instead, the court found that John & John had left a curable act "uncured." *See* Appellant's App. Vol. II at 18. The DCSA permits treble damages in some circumstances when the deceptive act is not incurable but, rather, simply uncured. *See, e.g.*, I.C. 24-5-0.5-4(i). An "[u]ncured deceptive act" is an act "with respect to which a consumer who has been damaged by such act has given notice to the supplier" under the DCSA and either "(i) no offer to cure has been made to such consumer within thirty (30) days after such notice; or (ii) the act has not been cured as to such consumer within a reasonable time after the consumer's acceptance of the offer to cure." I.C. § 24-5-0.5-2(a)(7). Thus, while "a consumer must show intent to defraud on the part of the supplier of services" in order to show an incurable deceptive act, "[t]he same showing is not required to establish the existence of an uncured act." *Mullis v. Brennan*, 716 N.E.2d 58, 65 n.3 (Ind. Ct. App. 1999).

[11]     As relevant here, the trial court awarded Pribyla treble damages because John & John did not cure its deceptive acts and because she was a senior consumer. There is no dispute in this appeal that John & John failed to provide Pribyla with a written contract in conformity with the Indiana Code Sections 24-5-11-10, -11, and -12, which, as a matter of law, was a deceptive act subject to the remedies and penalties of the DCSA. I.C. §§ 24-5-11-14, -0.5-3(b)(24); *see also Mullis*, 716 N.E.2d at 65 ("Through the [Home Improvement Contracts Act, I.C. §§ 24-5-11-1 to -14], the legislature sought to protect consumers by placing specific minimum requirements on the contents of home improvement contracts. Accordingly, we will hold the contractor to a strict standard."). And there is no dispute that at all times relevant to this matter Pribyla was a senior consumer. I.C. § 24-5-0.5-2(a)(9). The DCSA expressly provides that "[a] senior consumer relying upon *an uncured* or incurable deceptive act . . . may bring an action to recover treble damages . . . ." I.C. § 24-5-0.5-4(i) (emphasis added).

[12]     The trial court expressly found, and the evidence supports the court's findings, that Pribyla, through counsel, informed John & John in September of 2014 of its deceptive acts and offered John & John the opportunity to cure those acts. Instead of curing its deceptive acts, John & John refused Pribyla's certified letter. John & John does not challenge the trial court's findings in this regard other than to baldly state that John & John had quit the job, which somehow converted curable deceptive acts into "incurable" deceptive acts and, as such, would deprive Pribyla of her claim for treble damages. We reject John &

John's argument, which is not supported with either cogent reasoning or citations to authority. *See* Ind. Appellate Rule 46(A)(8)(a).

[13] John & John additionally asserts that the trial court erred when it awarded Pribyla treble damages because all of the legal theories underlying the court's award of treble damages required Pribyla to demonstrate that the structure at issue was Pribyla's "dwelling." *See, e.g.*, I.C. § 24-5-11-7.5(a). But the evidence most favorable to the trial court's judgment, which evidence John & John simply disregards on appeal, readily demonstrates that the structure at issue was Pribyla's dwelling. In her testimony, Pribyla stated that she "reside[s]" at that residence, that it is her "home," that it is her "primary residence," and that she has a homestead exemption on the property. Tr. Vol. II at 5-7. The trial court's judgment is not clearly erroneous on this issue. Thus, we affirm the trial court's decision to award treble damages to Pribyla under the DCSA.

### Issue Two: DeWeese, Sr. and DeWeese, Jr.

[14] On cross-appeal, Pribyla asserts that the trial court erred when it concluded that DeWeese, Sr. and DeWeese, Jr. were shielded from personal liability by the corporate nature of John & John. On this issue, Pribyla appeals from a negative judgment. *See Branham Corp. v. Newland Res., LLC*, 44 N.E.3d 1263, 1278 (Ind. Ct. App. 2015). "A negative judgment will be reversed on appeal only where it is contrary to law." *Id.*

[15] In particular, Pribyla asserts that DeWeese, Sr. and DeWeese, Jr. were the principal actors for John & John, which the trial court found to have engaged in

criminal and deceptive acts. However, on this issue of personal liability, the trial court found, as a matter of fact, that "[c]learly the evidence . . . shows that [Pribyla's] business dealings were with John & John Associates, Inc." and that DeWeese, Sr. and DeWeese, Jr. "personally had very little, if anything, in regard to the personal responsibility for the actual work done or not done." Appellant's App. Vol. II at 11-12.

[16] We cannot say that the trial court's judgment on this issue is clearly erroneous. "As a general rule, shareholders are not personally liable for the acts of a corporation . . . ." *Reed v. Reed*, 980 N.E.2d 277, 301 (Ind. 2012). However:

> courts may invoke the equitable doctrine of piercing the corporate veil in order to protect innocent third parties from fraud or injustice. When a corporation is functioning as an alter ego or a mere instrumentality of an individual or another corporation, it may be appropriate to disregard the corporate form and pierce the veil. The propriety of piercing the corporate veil is highly dependent of the equities of the situation, and the inquiry tends to be highly fact-driven. The burden is on the party seeking to pierce the corporate veil to prove that the corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice.

*Id.* (citations, alteration, and quotation marks omitted). The trial court found that the facts did not support Pribyla's claim to pierce the corporate veil, and we cannot say as a matter of law that the court's findings are erroneous. At best, Pribyla's argument on appeal is simply a request for this Court to reweigh the

evidence, which we will not do. The trial court's findings are supported by the evidence, and the findings support the judgment. We affirm on this issue.

## Conclusion

[17] In sum, we affirm the trial court's decision to award Pribyla treble damages. We also affirm the court's conclusion that DeWeese, Sr. and DeWeese, Jr. are not personally liable for the acts of John & John. Thus, we affirm the trial court's judgment.

[18] Affirmed.

Crone, J., and Pyle, J., concur.